# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WENDY BUTENSKY,

    Plaintiff(s),

vs.

FEDERAL EXPRESS CORPORATION,

    Defendant(s).

Case No. 2:16-cv-01718-JCM-VCF

**ORDER**

On September 23, 2016, the Court set an early neutral evaluation ("ENE") in this case for November 16, 2016. Docket No. 13. The Court further ordered that the parties' ENE statements had to be submitted to the undersigned's box in the Clerk's Office "not later than **3:00 p.m. on November 9, 2016**." *Id.* at 3 (emphasis in original). Plaintiff failed to submit her ENE statement by that deadline. As a result, the Court ordered her to submit her ENE statement by 3:00 p.m. on November 14, 2016. Docket No. 15. Once again, Plaintiff did not comply. Instead, Plaintiff's counsel telephoned chambers at 2:52 p.m. on November 14, 2016, indicating that he would not be able to meet the already-extended deadline and, instead, requesting a further extension to the morning of November 15, 2016. The Court provided one further extension, this time ordering the ENE statement to be delivered by no later than 10:00 a.m. on November 15, 2016, and instructing Plaintiff's counsel that there would be no further extensions. Once again, Plaintiff did not comply.

In light of Plaintiff's failure to submit the required ENE statement, the Court vacated the ENE at 10:51 a.m. on November 15, 2016. Docket No. 16. The Court thereafter ordered Defendant to submit

a declaration of its attorneys' fees and costs, and ordered Plaintiff and Plaintiff's counsel to show cause why they should not be sanctioned in the amount of those fees and costs and in a Court fine. Docket No. 17. The Court has now received those responses. Docket No. 19 (Defendant's declaration); Docket Nos. 23-28 (Plaintiff's response and supporting documents). Plaintiff's counsel does not contest that the imposition of sanctions is appropriate. *See* Docket No. 23 at 1 ("there is admittedly cause and legal authority to sanction Counsel").[1,2] The Court agrees that sanctions are appropriate. Accordingly, the only question before the Court is the proper amount of sanctions to be imposed.

Defendant's counsel has submitted a declaration indicating that he expended roughly $4,100 preparing Defendant's ENE statement, and that Defendant incurred $345.84 in costs in conjunction submitting the ENE brief. Docket No. 19 at 2-3. Plaintiff's counsel argues that these fees and costs were not incurred in vain, however, because they could still be the foundation for early settlement discussions even though the ENE was vacated.[3] Such an argument may be persuasive in some cases, but it is not persuasive here. Defendant's counsel undoubtedly expended more time preparing the ENE statement to meet the specifications required by the Court's order and local rules, Docket No. 13 at 2, Local Rule 16-6(f), than he would have expended preparing for early settlement discussions: "[t]o participate in a meaningful ENE Conference, I felt the Court should receive a detailed synopsis of the factual allegations in Plaintiff's Complaint along with FedEx's detailed response to refute those specific allegations. Specifically, FedEx prepared a detailed response to each and every one of Plaintiff's allegations." Docket No. 19 at 2-3. To that end, Defendant's counsel prepared a very thorough ENE statement, which the Court has reviewed *in camera*. Such an expenditure of time would not have been

---

[1] Plaintiff's counsel does make it a point to note that the ENE statement was eventually delivered, albeit after the ENE had been cancelled. *See* Docket No. 23 at 4 (attesting that the ENE statement was delivered at approximately 11:00 a.m. on November 15, 2016).

[2] Plaintiff's counsel asserts that any sanctions should be imposed on him, rather than on Plaintiff herself. Docket No. 23 at 4. The Court agrees, and **DISCHARGES** the order to show cause with respect to Plaintiff herself.

[3] Plaintiff's counsel also suggests that the materials may be utilized in a future ENE set in this case. Docket No. 23 at 5. Given the circumstances of this case, a new ENE will not be scheduled.

1  necessary for early settlement discussions detached from the ENE program. As a result, the Court will
2  require Plaintiff's counsel to reimburse half of Defendant's attorneys' fees, or $2,050.

3  Next Plaintiff argues that any Court fine should be limited to $500. *See* Docket No. 23 at 4.
4  While the Court would be within its discretion to impose a Court fine given the circumstances of this
5  case, it declines to do so as the award of attorneys' fees outlined above is sufficient to address the
6  conduct at issue.

7  Accordingly, the Court hereby **ORDERS** Plaintiff's counsel to pay attorneys' fees in the amount
8  of $2,050 to Defendant by December 16, 2016. The order to show cause is otherwise **DISCHARGED**.

9  IT IS SO ORDERED.

10  Dated: December 2, 2016

_____
Nancy J. Koppe
United States Magistrate Judge